IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| MYRON J. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:09-CV-449-ID |
| | ) | |
| U.S. DISTRICT COURT for the | ) | |
| MIDDLE DISTRICT OF ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's *pro se* Complaint (Doc. #1). This matter was referred to the undersigned Magistrate Judge for further proceedings and determination or recommendation as may be appropriate. (Doc. #4). On May 28, 2009, the Court entered an Order which noted several apparent defects in Plaintiff's Complaint. Specifically, the Court remarked

> upon a preliminary review of the Complaint, the Court is unable to clearly discern the substance of Plaintiff's claims against the District Court. Plaintiff's factual allegations loosely describe his presumably unsatisfactory interactions with what appears to be intake personnel in the Clerk of Court's office. Plaintiff also avers that he has "death threats" against him and a "bounty" on his life. He concludes that "this court[,] like all other government officials with the run around and lack to execute constitutional rights conspire to interfere with civil rights and civil liberties." For any damages he is purported to have suffered, Plaintiff seeks the following relief: "Punitive: $151,000,000,000 U.S. Dollars." The Complaint does not specify how any actions by the District Court caused him any cognizable harm and does not specify what legal authority provides him with an avenue of relief in this Court.

Order (Doc. #5) at 1-2.  Accordingly, the Court ordered Plaintiff to amend his Complaint. The Court also admonished Plaintiff that "***his failure to comply with this Order will lead the undersigned to recommend to the district judge that the Complaint be dismissed for failure to comply with the Court's Orders and abandonment of his claim(s).***"  Order (Doc. #5) at 2 (emphasis in original).  Plaintiff has failed to file an amended complaint as instructed by the Court.  Accordingly, the undersigned RECOMMENDS that this action be dismissed, without prejudice, due to Plaintiff's failure to obey this Court's Orders or otherwise prosecute this action.[1]  It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation on or before **June 24, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

---

[1] Additionally, and in the alternative, Plaintiff's Complaint is subject to dismissal because the allegations of the Complaint are frivolous and fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 11th day of June, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE